UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FREDERICK M. HEON, JR.,
    Plaintiff,

v.

STATE OF RHODE ISLAND, et al.,
    Defendants.

C.A. No. 17-109-JJM-PAS

ORDER

The State of Rhode Island moves to dismiss Frederick M. Heon, Jr.'s, complaint against it. ECF No. 30.

Mr. Heon was arrested, convicted (after a *nolo contendere* plea), and sentenced (twenty-five years with ten to be served) for first degree sexual assault and related offenses in 1991. *See Heon v. R.I. Attorney Gen.'s Office*, No. 12-044-ML, 2012 WL 3241919, at *1 (D.R.I. July 25, 2012), *adopted*, 2012 WL 3235836 (D.R.I. Aug. 7, 2012) (ECF No. 1-1 at 8–9); *see also State v. Gardiner*, 636 A.2d 710, 711–13 (R.I. 1994) (facts concerning the allegations against Mr. Heon). He was released from prison in March 2001. *Heon*, 2012 WL 3241919, at *2. After Mr. Heon filed numerous state court post-conviction relief motions, and two federal habeas petitions,[1] all of which were dismissed, the Rhode Island Superior Court vacated his sentence and granted his request for post-conviction relief due to ineffective assistance of counsel. *Heon v. State*, PM-2008-1037 (R.I. Super. Ct. Dec. 13, 2016).

---

[1] *See Heon v. R.I. Attorney Gen.'s Office*, No. 12-044-ML (D.R.I. Jan. 24, 2012); *Heon v. Rhode Island*, No. 00-186-L (D.R.I. Apr. 13, 2000).

Mr. Heon now brings this federal civil rights action against the State, the City of Warwick, and various Warwick police officers (many now retired). He claims false imprisonment and violations of various federal constitutional protections.

In a Text Order dated July 10, 2017, this Court dismissed Defendant Randall White, an Assistant Rhode Island Attorney General who had prosecuted Mr. Heon in state court. The Court stated:

> Mr. White, in his individual capacity, is entitled to absolute immunity for his official actions performing his core prosecutorial functions. *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009); *Imbler v. Pachtman*, 424 U.S. 409 (1976). Mr. White, in his official capacity, cannot be sued under 42 U.S.C. Section 1983. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1977).

Mr. White was the only state official named in Mr. Heon's complaint. Now, the State moves to dismiss the complaint against it for the same reasons the Court dismissed the claims against Mr. White.

There are no viable claims against the State in this matter. A government entity cannot be sued under 42 U.S.C. § 1983 for harm inflicted by its employee based on the employer-employee relationship alone. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 691–92 (1978). In this instance, the only claim Mr. Heon makes against the State of Rhode Island is based on respondeat superior for the actions of Mr. White. The State cannot be held liable for Mr. White's action on that ground.

Therefore, the State of Rhode Island's Motion to Dismiss (ECF No. 30) is GRANTED.

IT IS SO ORDERED:

/s/ John J. McConnell, Jr.

John J. McConnell, Jr.
United States District Judge
November 20, 2017